# TEXAS COURT OF APPEALS REPORTS.

## TYLER TERM, 1889.

### LON BARKLEY v. THE STATE.

*No. 3169.  Decided October 16.*

1. **Practice — Carrying Arms About Elections — Interpretation of the Codes.**—The doctrine is well established that in the interpretation of a penal statute the courts must be controlled by the legislative intent—otherwise, the *spirit* of the law—and hence, although an act or omission may come within the strict letter of a statute denouncing an offense, such act or omission will not be held to be an offense if it come not also within the intent or spirit of the law.  Under this rule, article 163 of the Penal Code, denouncing the offense of carrying arms on an election day, during the hours the polls are open, within one-half mile of a poll or voting place, can not be construed to abridge the right to so carry arms when the purpose and intent of the act is protection against apparent, present, and serious danger to human life, then about to be inflicted.

2. **Same—Charge of the Court.**—On his trial for the offense denounced by article 163 of the Penal Code, the defendant requested a special instruction as follows: "If you find from the evidence that the defendant carried a pistol within a distance of one-half mile of the Birdville voting box, during the time the polls were open, and that before he so carried the pistol his brother, Jim Barkley, was in a difficulty at or near such voting box; and that defendant saw him retreating with a number of persons apparently pursuing him, and apparently about to do serious bodily injury to his said brother; and that defendant, reasonably believing from such appearance, as viewed from his standpoint, that his said brother was actually in danger of serious bodily injury, then took the pistol and went to the defense of his brother against such apparent danger, and for that purpose only, then in case you so find you must acquit the defendant." *Held*, that the said requested instruction states a case which would withdraw the act of carrying the pistol from the operation of the spirit of article 163 of the Penal Code, and responding to the evidence on the trial, the special instruction should have been given.

APPEAL from the County Court of Tarrant.  Tried below before Hon. W. D. Harris, County Judge.

The opinion of the court states the nature of the case and summarizes the evidence upon which the conviction was had.  The penalty assessed by the verdict was a fine of one hundred dollars.

*Bowlin & Bowlin,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This appeal is from a conviction for carrying a pis-
[99]

tol on an election day, during the hours the polls were open, within the distance of one-half mile of a polling or voting place. Penal Code, art. 163. The facts proved are that an election was being held at Birdville, a voting place; that while the polls were open Jim Barkley, a brother of the defendant, became involved in a difficulty near the polling place, and was being followed and apparently attacked by a crowd of persons, some of whom were armed with sticks or bludgeons. At this time the defendant, who was a merchant, was in his business house, about seventy-five yards from where the crowd was advancing upon his brother. He was informed that his said brother was in danger, and from his store he could see the crowd advancing upon his brother, could see his brother retreating, and could hear the loud talking of the crowd. He armed himself with a pistol, which pistol he kept in his place of business, and went hurriedly to the scene of the difficulty, and in a peaceable manner quelled the disturbance and returned immediately to his store. It is clear from the evidence that the defendant in leaving his store and in going to the place of the difficulty acted upon the belief that his brother was in imminent danger of being killed or seriously injured. He was warranted in such belief by what he could hear and see. It is furthermore clear from the evidence that the only motive which actuated him in going to the place with the pistol was to defend his brother from the apparent impending danger of being killed or seriously injured by the attacking crowd.

Upon the trial counsel for defendant requested a special instruction as follows: "If you find from the evidence that the defendant carried a pistol within a distance of one-half mile of the Birdville voting box during the time the polls were open, and that before he so carried the pistol his brother, Jim Barkley, was in a difficulty at or near such voting box, and that defendant saw him retreating with a number of persons apparently pursuing him, and apparently about to do serious bodily injury to his said brother, and that defendant, reasonably believing from such appearance as viewed from his standpoint that his said brother was actually in danger of such serious bodily injury, then took the pistol and went to the defense of his brother against such apparent danger, and for that purpose only, you must acquit the defendant." This instruction was refused, and the defendant excepted and presents this action of the court by proper bill. In the charge of the court given to the jury the issue sought to be presented by the special instruction is not submitted to the jury.

We are of the opinion that said special instruction should have been given. While the *letter* of the statute would not excuse, the *spirit* of it certainly does, when the purpose and intent accompanying the act is protection against apparent, present, and serious danger to human life then about to be inflicted. In the interpretation of a penal statute, the legis-

lative intent—the *spirit* of the law—must be considered, and must be regarded as of controlling importance and effect; and although an act or omission may come within the strict letter of a statute denouncing an offense, such act or omission will not be held an offense if it come not also within the intent or spirit of the law. Mr. Bishop says: "In favor of defendants criminal statutes will be construed by interpretation so as to avoid punishing those who, though breaking their letter, have not violated also their spirit." Bish. Crim. Stats., sec. 231. Again, this author states the doctrine in another form—that is, "that the acts to be punishable must come not only within the words of the statute, but also within its *reason and spirit, and the mischief it was intended to remedy.*" Id., sec. 232. Again, this eminent author says: "To punish one who has not violated the spirit of the law, however contrary to the letter his act may have been, is to strike a blow at the root of our jurisprudence as well as to wrong the individual." Id., sec. 235. A familiar illustration of the rule under discussion is that given by Blackstone of a statute making it a felony for any one to draw blood in a street. This statute was construed to not to apply to a surgeon who drew blood from a person who had been seized with a fit. We can not conceive that it was the legislative intent in enacting article 163 of the Penal Code to deprive a person of the right of using arms to protect himself, or even another, from death or serious bodily injury where the danger is immediate and imminent, and not merely prospective and probable. Such intent would be unreasonable and in conflict with natural law. We would seriously doubt the validity of any enactment which would seek to punish a man for exercising the inherent right of necessary self-defense. Evidently there was no intention on the part of the defendant to violate article 163, by the act of carrying the pistol. His sole purpose in carrying the pistol was to defend his brother from apparently imminent, serious, and pressing danger. Such act and intention we can not think come within the spirit of said article or within the mischief intended to be remedied thereby.

We are referred by the Assistant Attorney-General to Livingston v. The State, 3 Texas Court of Appeals, 74, as a case holding a different view from that we have herein announced. In the Livingston case it does not appear that the threatened danger was imminent, immediate, and pressing. The defendant proposed to prove that his life was threatened and was in danger at the time it was charged he committed the offense. This proposed evidence was rejected. In passing upon this question this court said: "The statute punishing the carrying of arms within one-half mile of the place of election makes no exception or reservation in favor of such class of cases." We do not think our view of the present case conflicts with the decision above referred to. A mere prospective, anticipated danger, which might not occur or which might be avoided or prevented by other means than the use of arms, would not excuse a person from the

operation of article 163; and we do not understand the Livingston case as holding more than that such a state of facts furnished no excuse under the statute. We think the facts of the Livingston case brought it within both the letter and the spirit of the statute.

We think it unnecessary to notice other questions presented. For the error of refusing the special instruction quoted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.